```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
                                                            :
IN RE PROPECIA (FINASTERIDE)                                :   12-MD-2331 (BMC)(PK)
PRODUCT LIABILITY LITIGATION                                :
                                                            :
                                                            :
----------------------------------------------------------- X
KYLE MICHELSON,                                             :
                                                            :
                                Plaintiff,                  :   **MEMORANDUM DECISION AND**
                                                            :   **ORDER**
                - against -                                 :
                                                            :
RICHARD RASSMAN, M.D., JAE P. PAK,                          :   Individual Case
M.D., MERCK CORPORATION, MERCK &                            :   14 Civ. 5919 (BMC)(PK)
CO., INC., MERCK SHARP & DOHME                              :
CORP., NEW HAIR INSTITUTE MEDICAL                           :
GROUP, and DOES 1 THROUGH 50,                               :
                                                            :
                                Defendants.                 :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

The issue presented in this case is whether a state court plaintiff who sues his treating physician for malpractice in giving him a drug that injures him without warning him of the risks, as well as suing the pharmaceutical company that manufactured the drug for strict liability and failure to warn, is subject to having his action removed to federal court based upon diversity of citizenship between him and the pharmaceutical company, notwithstanding the lack of diversity between him and his treating physician. I hold that unless the claims against the physician fail as a matter of law or the joinder of the physician is palpably improper under state law, the case is not removable. The physician defendants in the instant case do not fall into those categories, and the case is therefore remanded to state court.

**BACKGROUND**

Plaintiff, a California domiciliary, commenced this action in Los Angeles Superior Court alleging that defendants Dr. Richard Rassman, Dr. Jae Pak, and New Hair Medical Institute (the "California defendants") committed medical malpractice by treating his male pattern baldness with the drug Propecia without properly warning him of the consequences, and that defendants Merck Corporation, Merck & Co., Inc., and Merck Sharp & Dohme Corp. ("Merck"), which are non-California corporations, are liable in strict liability and related claims for manufacturing and distributing Propecia. The very general, boilerplate complaint has three causes of action. The first alleges negligence against (a) the California defendants in their treatment of his condition (apparently, male pattern baldness, although the complaint only says "condition"), including failure to advise him of the risks of the treatment they gave him; and (b) Merck for defective design and inadequate warning about the drug Propecia. The second cause of action is exclusively against Merck for strict liability, failure to test, and failure to warn about Propecia. The third cause of action is against Merck for breach of express and implied warranties in administering Propecia to him without disclosing that it was not safe. As a result of this, plaintiff alleges that he has a "high risk for both transient and irreversible ED" (erectile dysfunction).

Merck removed the case to the Central District of California based on diversity jurisdiction, alleging in its notice of removal that the citizenship of the California defendants should be disregarded because they were "improperly joined," in that the claims against them "involve entirely separate factual and legal theories of liability." Merck therefore contended that the California defendants could be severed and remanded to state court under the doctrine of "procedural misjoinder."

The case has landed in this Court pursuant to the Transfer Order of the Judicial Panel on Multi-District Litigation dated April 16, 2012, which consolidated all product liability claims against Merck in this district before the Hon. John Gleeson. Upon Judge Gleeson's return to private practice, the cases, approximately 984, were reassigned to the undersigned. After reviewing them, it became apparent that some had been commenced in federal court despite the presence of non-diverse treating physician defendants, and others had been removed by Merck despite the presence of those non-diverse defendants on the basis of "procedural misjoinder."

## DISCUSSION

I decide this issue on well-ploughed ground. There are innumerable cases that resolve it both ways, and a court faced with the issue can draw upon the line of reasoning it finds most persuasive to support the result that it believes is compelled. Compare N.C. ex rel. Jones v. Pfizer, Inc., No. 12 Civ. 531, 2012 WL 1029518, at *2-4 (N.D. Cal. March 26, 2012) (remanding case); Barragan v. Warner-Lambert Co., 216 F. Supp. 2d 627, 632-33 (W.D. Tex. 2002); Johnson v. Glaxo Smith Kline, 214 F.R.D. 416, 419-22 (S.D. Miss. 2002) with Sullivan v. Calvert Memorial Hosp., 117 F. Supp. 3d 702 (D. Md. 2015) (sustaining removal); Joseph v. Baxter Int'l, Inc., 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009); Green v. Wyeth, 344 F. Supp. 2d 674, 685 (D. Nev. 2004). In cases involving multi-district litigation, there are decisions that expressly acknowledge that a removed case's status as a participant action should be considered in determining whether to disregard the non-diverse defendants, see e.g., Sutton v. Davol, Inc., 251 F.R.D. 500, 504 (E.D. Cal. 2008), and there are no doubt others where the desirability of resolving related claims in a single forum, which is of course the driving factor in the decision to consolidate cases under 28 U.S.C. § 1407, influences the court to follow the line of cases that apply a broad construction of the concept of "fraudulent misjoinder." In the instant case and on

3

most occasions where I have considered this issue, however, see Cleary v. Boston Scientific, No. 06 Civ. 3423, 2006 WL 2689815 (E.D.N.Y. Sept. 18, 2006), I resolve it in favor of narrowly construing the right to remove, and remanding when diversity jurisdiction is not present, for the following reasons.

First, I reject the notion that the subjective motivation of a plaintiff in including claims against a non-diverse defendant should be considered any more than the motivation of a defendant in removing a case. This is because it is every attorney, whether for a plaintiff or defendant, will try to select the forum that the attorney thinks will yield the most favorable result for the client. Utilization of the joinder rules authorized by state legislatures is no more sinister than utilization of the removal mechanism authorized by Congress. See Emp'r Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 276 (2d Cir. 2008) (noting that "[a]ny lawyer who files a case on behalf of a client must consider which of the available fora might yield some advantage to his client, and thus, to that degree, engages in 'forum shopping.'").

Besides, trying to brand attorneys' motivations as acceptable or unacceptable in making forum selection decisions only muddies the waters. This is not a question of good guys versus bad guys. It is merely a question of what the rules permit, both in terms of joinder and in terms of removal. Although many cases that find misjoinder characterize their findings on the basis of improper purpose, see e.g., Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 27 S. Ct. 184 (1907), they do so only after they have found no procedural or substantive basis for the joinder. The characterization of motivation itself thus becomes irrelevant because it follows automatically from the determination that there is a procedural or substantive deficiency in the assertion of the claims.

4

Indeed, when the Supreme Court first recognized the doctrine of fraudulent misjoinder, it meant what it said – the joinder was fraudulent because it was clearly defective as a matter of procedural or substantive law, and thus had no legal purpose other than deceiving the Court into thinking there was diversity jurisdiction when, in fact, there was not.  See Wecker, 204 U.S. at 185, 27 S. Ct. at 188.  The Supreme Court has recently emphasized that fraud has a very clear meaning.  See Universal Health Servs., Inc. v. United States, 579 U.S. __, – S. Ct. –, 2016 WL 3317565, at *7 (2016) (commenting that "the term 'actionable fraud' is one with a well settled meaning at common law").

Nevertheless, as Wright & Miller have recognized, the term "fraudulent joinder" has become "a bit of a misnomer," 13 Charles Alan Wright, Arthur Miller & Edward Cooper, Federal Practice & Procedure § 3641.1 (3d ed. 1998).  This is because those courts that wish to expand their removal jurisdiction implicitly have to acknowledge that there is nothing fraudulent about a plaintiff's effort to select his preferred forum; the term has therefore evolved into the less disparaging "improper joinder," Sony Music Entm't v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), or as Merck defines it in its removal notice, "procedural misjoinder."  Yet it seems clear that whatever expression is used to describe this objectionable action by the plaintiff, it must consist of asserting a claim against a non-diverse party that fails as a matter of law, or a claim against a non-diverse party that state law does not permit to be asserted in the same action as a claim against a diverse party.

Second, and relatedly, while it is well-established that the right to removal is narrowly construed, the right to joinder of parties is not.  Under most state civil procedure codes, as is the case with Fed. R. Civ. P. 20, it is perfectly proper for a plaintiff to join parties if there is "any" common question of law or fact.  That is clearly the case with the California Civil Procedure

Code, Cal. Civ. Proc. Code § 379 (West 2016), which allows joinder of claims "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

This standard will be easily satisfied in most cases of malpractice and product liability against physicians and pharmaceutical companies, respectively, and it is satisfied here. Common questions of law and fact in these kinds of joined claims leap out from even the formulaic complaint in this action, like whether Propecia causes erectile dysfunction and whether adequate warnings were given if it does. Indeed, Merck has not responded to plaintiff's point, in its motion to remand, that a number of Merck's affirmative defenses in its answer seek to pass off liability to the California defendants on essentially the same grounds upon which plaintiffs are suing the California defendants. That is a strong indicator that there was a sufficient basis for joining the California defendants as a substantive and procedural matter.

Third, if the liberal joinder rules in most states result in the merging of two cases that for reasons of efficiency or potential jury confusion ought to be kept separate, those same rules contain a ready mechanism for fixing that problem. Diverse defendants need only move to sever the claims on that basis and, if successful, they may then remove the case. See e.g. California Cal. Civ. Proc. Code § 379.5. The relief they seek need not be based solely on the face of the complaint; they have at least a year of discovery to develop the record to show the state court the separate nature of the claims, see 28 U.S.C. § 1441(c)(1), and perhaps more if defendants can successfully argue that equitable tolling should apply to their removal period. See Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003); but see Culkin v. CNH Am., LLC, 598 F. Supp. 2d 758 (E.D. Va. 2009). Their 30-day removal period will not start under the severance order is entered. It is clearly preferable to ask a state court to determine whether its own joinder

rules have been abused rather than asking the federal court to make that determination post-removal. (Merck's related argument, that even if joinder was proper under California Cal. Civ. Proc. Code § 379, I should use Federal Rule of Civil Procedure 21 to sever the claims makes little sense to me, although I know some courts do it; if the case was removed without jurisdiction, I do not see how I have jurisdiction to start pruning parties to cure the jurisdictionally-defective removal).

Finally, I reject the notion that the doctrine of fraudulent joinder is broader in member cases of multi-district litigation than in other litigation. Congress has been quite clear when it wants to lessen the requirements of diversity jurisdiction and it has not done it with regard to the multi-district statute, 28 U.S.C. § 1407. In contrast, Congress has expressly mandated that in cases brought under the Class Action Fairness Act, 28 U.S.C. § 1332(d), minimal diversity (along with some other requirements) will suffice, so in many cases, non-diverse defendants will be disregarded. In multi-district, non-CAFA litigation, Congress has already placed limits on the ability of a plaintiff's attorney to select his forum by sending the attorney to a potentially far away MDL forum, at least for purposes of discovery (and usually settlement). For the courts to place additional restrictions on a plaintiff's forum selection prerogatives is to add to § 1407 something that Congress has not. If Congress wants to expand the scope of multi-district litigation by allowing removal based on minimal diversity, which might not be a bad thing given the repetition of these issues in every MDL case based on diversity jurisdiction, it can do so.

I therefore conclude that unless a plaintiff's claim against a non-diverse party fails as a matter of law, or must be severed as a matter of state law, making the joinder of that claim with the claim against the diverse party improper, the case is not removable. Neither of those situations obtains here.

## CONCLUSION

Plaintiff's motion to remand is granted.[1]  This case is remanded to the Superior Court of California, County of Los Angeles.

**SO ORDERED.**

                                                                                               U.S.D.J.

Dated: Brooklyn, New York
       June 22, 2016

---

[1] The California defendants' Motion to Dismiss for lack of jurisdiction is denied as moot.